FILED

AUG 3 1 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2              UNITED STATES BANKRUPTCY COURT

3              EASTERN DISTRICT OF CALIFORNIA

4                      SACRAMENTO DIVISION

5

In re                          )      No. 09-25955-A-7
6                              )
                               )
7   NIKOLAY ZUBYAN and RIMA    )
    KARAPETYAN,                )
8                              )
            Debtors.           )
9                              )
                               )
10  _____)

11                         **MEMORANDUM**

12      The debtors have filed an ex parte motion to reopen their

13  chapter 7 case for the purpose of amending the schedules in order

14  to list a previously omitted creditor.

15      The petition was filed on March 31, 2009.  The notice of the

16  meeting of creditors informed the creditors that this was a "no-

17  asset" case.  Accordingly, creditors were instructed to not file

18  proofs of claim.

19      The trustee ultimately filed a report of "no distribution,"

20  meaning that he had located no nonexempt assets that could be

21  liquidated for the benefit of creditors and accordingly no

22  dividend would be paid to them.  The trustee's report was

23  approved without objection.

24      Thus, this case was a "no-asset, no-bar-date-case."  A

25  creditor holding a claim otherwise dischargeable by the debtors

26  had its claim discharged even though the creditor was not given

27  notice of the bankruptcy because its claim was unscheduled.  11

28  U.S.C. § 727(b); Beezley v. California Land Title Co. (In re

1   Beezley), 994 F.2d 1433 (9th Cir. 1993); White v. Nielsen (In re

2   Nielsen), 383 F.3d 922, 925 (9th Cir. 2004).  It is unnecessary

3   to reopen the case and amend the schedules in order to discharge

4   the claim of an omitted creditor.

5           If the omitted creditor's claim could have been excepted

6   from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the

7   debtors' failure to schedule the claim when the petition was

8   filed meant that the omitted creditor did not receive notice of

9   the deadline for filing a complaint.  See 11 U.S.C. § 523(c);

10  Fed. R. Bankr. P. 4007(b).  Therefore, unless the omitted

11  creditor had actual knowledge that the petition had been filed in

12  time to file a timely dischargeability complaint, the failure to

13  initially schedule the claim may mean it is nondischargeable.  11

14  U.S.C. § 523(a)(3)(B).  Amending the schedules, however, will

15  have no impact on the issue.

16          In short, merely reopening the case to permit the amendment

17  of the schedules will have no effect whatever.  The debtors do

18  not need to amend the schedules in order to discharge omitted

19  claims.  If the claim of the omitted creditor was otherwise

20  dischargeable by a chapter 7 discharge, it was discharged even

21  though the creditor was omitted from the schedules.

22          If the omitted creditor or the debtor wants a declaration

23  that the claim is, or is not, made nondischargeable by section

24  523(a)(3)(B), one of them must file an adversary proceeding.  See

25  In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994).

26          In connection with the resolution of any such adversary

27  proceeding, two questions must be determined.  Did the omitted

28  creditor have actual notice of the bankruptcy filing in

-2-

1   sufficient time to file a timely dischargeability complaint?  See

2   Fed.R.Bankr.P. 4007(c).  And, if there was no actual notice of

3   the petition, is its claim otherwise nondischargeable under 11

4   U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1]  If the omitted creditor

5   had actual notice, or if its claim is not excepted from discharge

6   by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will

7   declare that the omitted claim was discharged.

8        However, whichever declaration is appropriate, it can be

9   given only in an adversary proceeding.

10       Therefore, the court will permit this case to be reopened.

11  Because this was a "no-asset, no bar date" case, the unscheduled

12  claim of the omitted creditor was discharged unless it is made

13  nondischargeable under sections 523(a)(3)(B).  To obtain a

14  declaration that an omitted claim is not made nondischargeable by

15  section 523(a)(3)(B), the debtors (or the omitted creditor) must

16  file, serve, and prevail in an adversary proceeding.  The only

17  reason to reopen the case is to permit the filing of such an

18  adversary proceeding.

19  Dated: *31 aug. 2010*                By the Court

20

21                                       Michael S. McManus
                                         United States Bankruptcy Judge
22

23  _____

24       If the omitted creditor is claiming the debts are non-
    dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16),
25  (17), the creditor cannot be prejudiced by the omission of its
    claim in a "no asset" case.  Unlike section 523(a)(2),(4) or (6),
26  there is no deadline for the filing of such dischargeability
    complaints and nonbankruptcy courts may determine whether the
27  debts fall into the exceptions enumerated in section 523(a)(1),
    (5), (7)-(15), (16), (17).  11 U.S.C. § 523(c)(1); Fed.R.Bankr.P.
28  4007(c).

**CERTIFICATE OF MAILING**

  I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Mark Shmorgon
25 Cadillac Drive #290
Sacramento, CA 95825

Nikolay Zubyan
9391 Mira Del Rio
Sacramento, CA 95827

Rima Karapetyan
9391 Mira Del Rio
Sacramento, CA 95827

Dated: August 31, 2010

_____
Susan C. Cox
Judicial Assistant to Judge McManus